UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

DANIEL ADAMS,

    Plaintiff,

    v.

STATE OF WASHINGTON, DEPARTMENT OF CORRECTIONS,

    Defendant.

CASE NO. C08-15RSM

ORDER GRANTING IN PART DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AND ORDER OF REMAND

This matter is before the Court for consideration of defendants' motion for summary judgment (Dkt. # 16). Plaintiff has opposed the motion. For the reasons set forth below, the Court shall grant summary judgment on the sole federal claim, decline supplemental jurisdiction over the remaining state law claims, and remand the matter to Snohomish County Superior Court for all further proceedings.

## **BACKGROUND**

Plaintiff, an employee of the Washington State Department of Corrections, filed this employment discrimination action in Snohomish County Superior Court. The complaint alleges causes of action under both the Washington Law Against Discrimination, RCW 49.60, *et seq.*, and Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000 *et seq.*, as well as causes of action sounding in tort and contract under Washington common law. Defendants removed the action to federal court, pursuant to 28 U.S.C. § 1441(a) and (c), on the basis of federal court jurisdiction over the Title VII claim.

Defendants then moved for summary judgment as to all claims. In response to the Title VII claim, defendants contend they are entitled to summary judgment both on the merits of the claim, and

ORDER - 1

because plaintiff did not comply with the applicable Title VII statute of limitations. As the statute of limitations issue is dispositive of the Title VII claim, the Court shall address it first.

## ANALYSIS

Pursuant to statute, an action brought under Title VII must be filed within ninety days of receipt of a right to sue letter from the EEOC. 42 U.S.C. § 2000e-5(f)(1). If a litigant does not file suit within ninety days after the issuance of a right to sue letter, the action is time-barred. *Scholar v. Pac. Bell*, 963 F. 2d 264, 266-67 (9th Cir. 1992). In this circuit, this ninety-day period for filing suit is treated as a statute of limitations, subject to equitable tolling and waiver. *Valenzuela v. Kraft, Inc.*, 801 F.2d 1170, 1174 (9th Cir. 1986); *as amended,* 815 F. 2d 570 (9th Cir. 1987). The record demonstrates that plaintiff's right to sue letter was issued on July 26, 2007, but plaintiff did not file suit until December 19, 2007, almost five months later. Absent a showing of facts which would establish waiver or equitable tolling, then, plaintiff's Title VII claim is time-barred.[1]

In response to defendants' assertion of the statute of limitations bar, plaintiff has stated no facts which would establish that the ninety-day suit filing period was equitably tolled. Instead, plaintiff contends that the ninety-day statutory filing period was tolled for sixty days by the Washington State notice of claim statute. This statute provides, in its entirety,

**Tortious conduct of state—Presentment and filing of claim prerequisite to suit**

No action shall be commenced against the state for damages arising out of tortious conduct until sixty days have elapsed after the claim is presented to and filed with the risk management division. The applicable period of limitations within which an action must be commenced shall be tolled during the sixty-day period.

RCW 4.92.110.

---

[1] The Court notes that defendants did not plead the statute of limitations as an affirmative defense. The Ninth Circuit Court of Appeals has "liberalized the requirement that defendants must raise affirmative defenses in their initial pleadings." *Owens v. Kaiser Foundation Health Plan, Inc.,* 244 F. 3d 708, 713 (9th Cir. 2001); *quoting Magana v. Commonwealth of the Northern Mariana Islands,* 107 F. 3d 1436, 1446 (9th Cir. 1997). The rule in the Ninth Circuit is that a defendant may raise an affirmative defense, including a statute of limitations, for the first time in a summary judgment motion if doing so does not result in prejudice to the plaintiff. *Rivera v. Anaya*, 726 F.2d 564, 566 (9th Cir. 1984) (citing *Healy Tibbitts v. Ins. Co. of North America*, 679 F.2d 803 (9th Cir. 1982). Here, plaintiff does not claim to have been prejudiced by the delay; instead of protesting that the statute of limitations should have been pleaded as an affirmative defense under F.R.Civ.Proc. 8(c), plaintiff has opposed the statute of limitations argument on the merits. As no prejudice is claimed by plaintiff nor apparent from the record, the Court finds that defendants did not waive the defense by failing to assert it as an affirmative defense.

ORDER - 2

Plaintiff contends that his compliance with this state statute extended Title VII's ninety-day filing period by sixty days, thus making his filing within 147 days of receipt of the right-to-sue letter timely. However, plaintiff has cited no recognizable authority for this assertion. Plaintiff's argument that RCW 4.92.110 extends the ninety-day statute of limitations set forth in Title VII was expressly rejected nine years ago by the Ninth Circuit Court of Appeals, albeit in an unpublished disposition. *Burgess v. State of Washington Department of Corrections*, 199 F. 3d 1331 (9th Cir. 1999) (*unpublished disposition*). The appellate court cited to a Supreme Court decision which teaches that Congress has abrogated the State of Washington's sovereign immunity with respect to Title VII actions. *Fitzpatrick v. Bitzer*, 427 U.S. 445 (1976). Therefore, state law may not alter or amend the statute's provisions. Further, as noted by the Ninth Circuit panel, other circuit courts have held that "[w]hen Congress has provided a federal statute of limitations for a federal claim[,] state tolling provisions are not applicable." *Brown v. Hartshorne Public School Dist. No. 1*, 926 F. 2d 959, 961 (10h Cir. 1991) (*citing Davis v. Smith's Transfer, Inc.,*, 841 F. 2d 139, 140 (6th Cir. 1988); *Garrison v. Int'l Paper Col*, 714 F. 2d 757, 759 n. 2 (8th Cir. 1983).

This Court joins a sister court in the Eastern District of Washington in adopting the reasoning applied in *Burgess* to find that RCW 4.92.110 does not toll the ninety-day filing period set forth in Title VII. *Kilwein v. Washington State University*, 2008 WL 4148849 (E.D.Wash. 2008). It would impermissibly interfere with the statutory scheme created by Congress to allow the ninety-day period to be altered by state law. As plaintiff has advanced no argument for equitable tolling of the statute of limitations, and defendants have not waived the defense, plaintiff's Title VII claim is barred.

## **CONCLUSION**

The Court finds that plaintiff's Title VII claim is barred by the applicable statute of limitations, pursuant to 42 U.S.C. § 2000e-5(f)(1). Accordingly, defendants' motion for summary judgment is GRANTED as to the Title VII claim only, and that claim is DISMISSED.

As the Title VII claim was the sole basis for this Court's jurisdiction, the Court must decide whether to exercise supplemental jurisdiction over the remaining claims under state law pursuant to 28 U.S.C. § 1367(c)(3). The general rule is that the district court should relinquish jurisdiction over pendant state law claims when all federal claims have been dismissed before trial. *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 726 (1966). Only in exceptional cases will the balance of factors to be

considered, such as judicial economy, convenience, fairness, and comity, weigh in favor of the federal court deciding the state law claims. *Harrell v. 20th Century Ins. Co.*, 934 F.2d 203, 205 (9th Cir. 1991); citing *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 351 (1988).

Here, this Court has not expended sufficient time on this case to warrant incursion into the areas of state law presented here, in which important state interests are at stake. In the interest of comity, the Court declines to exercise supplemental jurisdiction over the state law claims. 28 U.S.C. § 1367(c)(3). In the interest of justice, the Court shall remand to the court where the case originated, rather than dismiss the state law claims. Remand to plaintiff's chosen forum will not be unfair to either party; the pending motions for summary judgment may be expeditiously put before the state court for resolution without further briefing.

Accordingly, this case is hereby REMANDED to the Snohomish County Superior Court, Cause No. 07-2-09543-6. The Clerk shall close this file and send a certified copy of this Order to the Clerk of Court for the Snohomish County Superior Court.

DATED this 3rd day of December 2008.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE

ORDER - 4